IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

L.T. SIMES, II,

                            PLAINTIFF

  VS.      CASE NO. 4:10CV01047 JFB

ARKANSAS JUDICIAL DISCIPLINE
AND DISABILITY COMMISSION, ET AL.         DEFENDANTS

## MEMORANDUM AND ORDER

   This matter is before the court on a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(4), (b)(5), and (b)(6) filed by the defendants. Filing No. 16.[1] Plaintiff is a state court circuit judge in the State of Arkansas, and defendants are the Arkansas Judicial Discipline and Disability Commission and members of the Commission (hereinafter collectively referred to as "Commission"). Plaintiff filed this lawsuit alleging violations of his civil rights, contending that certain of his rulings involving the Mayor of West Helena, Arkansas, and the Mayor's attorney caused those parties to file judicial complaints against him. He alleges that the Arkansas Judicial Discipline and Disability Commission instituted disciplinary proceedings against him which include issues relating to the case involving the Mayor as well as other allegations.

   Plaintiff contends that these disciplinary proceedings: (1) are brought in bad faith; (2) are intended to punish, harass and retaliate against him; (3) are designed to prevent him from exercising his First Amendment rights; and (4) violate his due process and equal protection rights under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

---

[1] Plaintiff filed this case in the Eastern District of Arkansas. However, all of the judges of the Eastern and Western Districts of Arkansas have recused themselves from this case. Chief Judge William Jay Riley of the Eighth Circuit has reassigned the case to the undersigned.

Plaintiff further contends that the disciplinary proceedings are arbitrary and biased; that the Commission has denied plaintiff his procedural and substantive due process over the years in violation of 42 U.S.C. § 1983, and the laws of the State of Arkansas; that the defendants have conspired to remove plaintiff from his judicial office by improperly filing false and fraudulent judicial complaints in violation of 42 U.S.C. §§ 1981, 1983, and 1985; and that the defendants made false and defamatory claims against the plaintiff.  Filing No. 1. Plaintiff previously filed a motion for a temporary restraining order, asking this court to enjoin the Commission from proceeding with its July 28, 2010, hearing against him.[2]  Filing No. 2.  This court declined to issue the temporary restraining order.  Filing No. 21.

## STANDARD OF REVIEW

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

---

[2]The Arkansas Supreme Court referred this matter to the Commission in *Weaver v. City of West Helena*, 367 Ark. 159, 165, 238 S.W.3d 74, 79 (2006).

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting* [Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)](.)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56.  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, — U.S. —, —,129 S. Ct. 1937, 1940 (2009)](.) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.* at —, 129 U.S. at 1949-50.  Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at —, 129 S. Ct. at 1950.  Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  *Id.*  Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.*  When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal,* — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'").

## DISCUSSION

Defendants argue that plaintiff is attempting to bypass the state procedural requirements by asserting federal constitutional arguments. Defendants contend that plaintiff can raise these claims in state judicial proceedings, and in any event, this case should be dismissed until such time as the state process is completed.

Plaintiff contends these charges are brought in bad faith for the purpose of retaliating against him. He further argues that the *Younger* doctrine, discussed hereinafter, does not apply. Plaintiff agrees that a state court proceeding exists, but he does not agree that the state process should continue because it is operating in bad faith. Plaintiff contends that the Supreme Court and the Commission are biased against him, have reviewed frivolous claims against him, are primarily reviewing him for legal errors, and are

attempting to disbar him so that he cannot seek reelection, which plaintiff states violates his First and Fourteenth Amendment rights. Plaintiff argues he is unable to obtain damages and attorney fees in the current state court action.

The doctrine of abstention requires a court to abstain, and sometimes dismiss, a case when there is a concurrent state proceeding in progress. *See Younger v. Harris,* 401 U.S. 37 (1971); *Bassler v. Arrowood,* 500 F.2d 138, 142 (8th Cir. 1974). The district court has discretion to decline jurisdiction when its action would needlessly interfere with the state's administration of its own affairs. *Id.* (noting abstention was proper in a case that involved a pending state court appeal involving the same issues). Similarly, abstention is proper where obscure questions of state law are involved that are peculiarly within the expertise of the state courts. *Giardina v. Fontana,* 733 F.2d 1047, 1051 (2d Cir. 1084). This doctrine embodies principles of "equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Mitchum v. Foster,* 407 U.S. 225, 243 (1972).

As a state court judge, plaintiff is subject to judicial discipline and oversight. *See* Ark. Const. Amend. 66. The Eighth Circuit has held that federal courts should abstain from interfering with ongoing state attorney disciplinary proceedings. *See Alleghany Corp. v. Pomeroy,* 898 F.2d 1314, 1316 (8th Cir. 1990); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). The Eastern District of Arkansas has stated that there are three important questions that must be answered in determining if *Younger* abstention should apply. *Partin v. Arkansas State Bd. of Law Exam'rs,* 863 F. Supp. 924, 928 (Ark. 1994). First, under *Partin*, the state proceedings in the case must be ongoing. Such is the situation in the case before this court. There is currently no decision by the

Commission or by the Arkansas Supreme Court. Second, *Partin* instructs that a state must have a significant interest in the outcome of the case. The Supreme Court has stated: "[t]he State's interest in the professional conduct of attorneys involved in the administration of criminal justice is of special importance. The importance of the state interest in the pending state judicial proceedings and in the federal case calls *Younger* abstention into play." *Middlesex County Ethics Com. v. Garden State Bar*, 457 U.S.423, 434-35 (1982). In this case, the Arkansas Supreme Court stated: "[b]ased on the record before us, it appears that Judge Simes has violated the Arkansas Code of Judicial Conduct. Accordingly, we direct the clerk of this court to forward a copy of this opinion to the Arkansas Judicial Discipline and Disability Commission." *Weaver v. Helena*, 367 Ark. 159, 165, 238 S.W.3d 74, 79 (2006). The court finds the State of Arkansas has a vested interest in protecting the integrity of its judicial system and plaintiff has not yet exhausted his state law remedies in this regard. Third, under *Partin*, a party must have judicial review of his determination. In the case before this court, the plaintiff has an opportunity for judicial review before the Arkansas Supreme Court. In addition, once a state court judgment is entered, plaintiff may petition the United States Supreme Court for relief and review of the state court judgment. *See* 28 U.S.C. § 1257. Thus, when analyzing the questions posed in *Partin*, the court should clearly abstain in this case

The court concludes that abstention applies in this case, but the inquiry does not stop there. The court must now determine whether it should dismiss or stay the case. *Younger* directs federal courts to abstain and dismiss the case where the relief requested is equitable. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475 (8th Cir. 1998). However, *Night Clubs, Inc.* clearly states that when damages are sought, the abstention principles generally require that the federal court stay, but not dismiss, the case. *Id*. at 481.

The plaintiff has asked for both damages and attorney fees. The Eighth Circuit in *Night Clubs, Inc.* relied on the United States Supreme Court which stated:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

[Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730, (1996 )](#) (internal citations omitted). *Night Clubs, Inc.* dictates that absent very limited circumstances, which do not exist in this case, this court must stay but not dismiss the case. *Night Clubs, Inc.*, 163 F.3d at 482. The Supreme Court has gone so far, when discussing abstention, as to say "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding." [Deakins v. Monaghan, 484 U.S. 193 (1988)](#). Accordingly, the court will abstain and will stay this case until such time as the state court action is completed.[3]

THEREFORE, IT IS ORDERED that defendants' motion to dismiss this case, Filing No. 16, is denied. This case is stayed until further notice from this court. The parties shall file a status report with the court every sixty days until the state proceedings are completed.

DATED this 27th day of August, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon, Chief District Judge
District of Nebraska

---

[3] Although the court is staying this action, it reserves the right at a later date to address all jurisdictional and immunity issues raised by the parties.